UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:18-CR-192 |
| | ) | |
| v. | ) | (Chief Judge Conner) |
| | ) | |
| SUHAIL FAROOQ, | ) | |
| Defendant. | ) | (Electronically Filed) |

PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As the result of guilty plea to violations of 18 U.S.C. § 1343, for which the United States sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c) defendant shall forfeit to the United States:

   a. All property constituting, or derived from, proceeds traceable to the offenses.

2. The court has determined, based on the defendant's Plea Agreement that the following proceeds are subject to forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C), and 28 U.S.C. § 2461(c), and that the government has established the requisite nexus between such proceeds and such offenses:

   a. $42,861 in U.S. Currency representing proceeds of wire

fraud that were personally obtained and later dissipated by Suhail Farooq.

3. Because the defendant dissipated the above-described proceeds, the United States may seek, as a substitute asset pursuant to 21 U.S.C. § 853(p), forfeiture of any of the defendant's property up to the value of the dissipated proceeds.

4. As agreed upon by the parties, the value, if any, of the following seized assets will be applied, if possible, as payment toward the $42,861 in dissipated proceeds:

   a. $10,246 in U.S. Currency, seized from the defendant on June 21, 2018;

   b. USPS Money Order #25156137475, in the amount of $198.00, seized from the defendant on June 21, 2018; and

   c. Approximately 600 gift cards, value unknown, seized from the defendant on June 21, 2018.

5. Upon the entry of this Order, the United States or its designee is authorized to seize the above property, whether held by the defendant or by a third party, and to conduct any discovery proper in

identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

6. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the above property.

7. Any person, other than the above-named defendant, asserting a legal interest in the above property may, within thirty days of the final publication of or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

8. Any petition filed by a third party asserting an interest in the above property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the above property, the time and circumstances of the petitioner's acquisition of the right, title, or

interest in the above property, any additional facts supporting the petitioner's claim and the relief sought.

9. No claim filed with the seizing agency in an administrative proceeding, nor any petition filed in a related civil action shall qualify as a petition that must be filed in this action which meets the requirements of and within the time allowed under 21 U.S.C. § 853(n), as described above.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the above property following the court's disposition of all third-party interests, including titled owners, spouses, and any other interested parties, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 18 U.S.C. § 3554, this Preliminary Order of Forfeiture has become final as to the

defendant pursuant to the Plea Agreement and shall be made part of the sentence and included in the judgment.

13. Upon adjudication of all third-party interests, the court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

14. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney Jenny P. Roberts, U.S. Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this 25th day of June 2019.

/s/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
CHIEF UNITED STATES DISTRICT JUDGE